UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,      Case No.: 95-50061-01

         Plaintiff,      HONORABLE PAUL V. GADOLA
                             UNITED STATES DISTRICT JUDGE

v.

DION ERIC SAVAGE,

         Defendant,
_____/

**OPINION AND ORDER ON REVIEW OF MAGISTRATE**
**JUDGE'S RELEASE OF DEFENDANT ON BOND AND CONDITIONS**

### Background Facts

Defendant herein is charged with the offense of conspiracy to distribute cocaine (21 U.S.C. § 841(a)(1) and 846) and being felon in possession of firearms (18 U.S.C. § 922(g)).

He has previously been convicted of a misdemeanor assault offense in 1984 and of attempted larceny, committed October 9, 1984, for which he was sentenced on October 2, 1995 to a two year probationary term.

He has no record of criminal activity from October 9, 1984 to the present date, except of course for the charges now pending against him.

On December 5, 1995 an arraignment and detention hearing in this matter was held before Honorable Marc L. Goldman, United States Magistrate Judge. Magistrate Judge Goldman on that date ordered the defendant's release on a $100,000 unsecured bond with strict conditions, making the finding that "those conditions will both insure Mr. Savage's appearance in court and the safety of the community", in accordance with the provisions of 18 U.S.C. §

3142(a)-(h).

The government has filed its appeal of the order releasing the defendant on bond, requesting review of such order by this court pursuant to 18 U.S.C. § 3145(a) and (h), and accordingly a review hearing was conducted by the court on March 1, 1996.

The defendant is entitled to release on bond and/or other conditions unless it satisfactorily appears that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of any other person and the community (18 U.S.C. § 3142(e)).

There is a rebuttable presumption in this case that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, there being probable cause, as determined by the grand jury indictment, that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, being 21 U.S.C. § 801 et seq. (18 U.S.C. § 3142(e) and (f)).

The court has reviewed the transcript of the proceedings held December 5, 1995 before Magistrate Judge Goldman, the Pretrial Services Report and has conducted an evidentiary review hearing on March 1, 1996, as aforesaid.

## Findings

Defendant is the owner of two businesses, Hampton's Party Store and Dion's Party Store, and is also the owner of a large, and impressive and obviously costly home situated on considerable acreage in suburban Flint.

His prior criminal record and the charges now pending against him are as aforesaid.

Testimony herein establishes that in January of 1991 Michael Kuhling, a felon now serving a sentence of 7 to 15 years in a Michigan prison, left defendant's place of business carrying merchandise for which he had not paid, and then was pursued and assaulted by defendant.

A few days later, in January of 1991, so Mr. Kuhling testified, he encountered defendant on the street outside defendant's place of business at which time defendant pointed a gun at him and threatened him.

Lieutenant Koger of the Flint Police Department testified that on November 18, 1995 he observed defendant riding an all terrain vehicle (ATV) on the five acres of land owned by Lieutenant Koger and on which his home is located and at that time defendant was carrying a shotgun on his shoulder in a sling. Lieutenant Koger had previously heard three shotgun blasts. Lieutenant Koger and defendant are neighbors in this suburban, rural wooded area. He had heard shotgun blasts on several other occasions which he believed emanated from defendant's premises and he had previously complained regarding defendant's operation of his ATV on Lieutenant Koger's acreage.

A search warrant was executed in this matter at defendant's residence on November 30, 1995 at which time several firearms, but no narcotics, were found.

Lieutenant Koger also testified that on January 9, 1996 several shots were fired from a car in front of his home, which

shots passed close to his house. There is no evidence that defendant was connected to this incident.

## Ruling

Defendant is the owner of businesses in the City of Flint, as well as a substantial home and acreage in suburban Flint.

Other than the charges now pending, there is no indication of any criminal activity on his part since his attempted larceny conviction, that incident having occurred October 9, 1984.

There is testimony that he assaulted and later threatened Mr. Kuhling in January of 1991, after Mr. Kuhling stole merchandise from defendant's store.

The incident with the ATV, as testified to by Lieutenant Koger, involved a trespass on Lieutenant Koger's acreage, but there is no indication that any violence toward Lieutenant Koger was intended or attempted.

Insofar as the shooting incident of January 9, 1996 from a car in front of Lieutenant Koger's home is concerned, there is no evidence whatsoever of any involvement of the defendant.

The court has weighed the various factors to be considered under 18 U.S.C. §3142(g) and concludes that in this matter there are conditions of release that will reasonably assure the appearance of Mr. Savage and the safety of other persons and the community, and that the rebuttable presumption against his release has adequately been rebutted.

The conditions of release as enunciated by the Magistrate Judge are both sufficient and appropriate to achieve the ends of the statute. Those conditions are as follows:

(1) The defendant's release is on an $100,000 unsecured bond.

(2) He is to report as directed to Pretrial Services.

(3) His travel is restricted to the Eastern District of Michigan.

(4) He is to reside only at the address set forth on his bond papers.

(5) He is not to possess any firearms, destructive devices or other dangerous weapons, or use any destructive device, firearm or other dangerous weapon. All firearms and other weapons must be removed from his home and the two stores with which he is connected, that is to say, Hampton's Party Store and Dion's Party Store.

(6) The defendant is to refrain from any use or possession of an unlawful narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner.

(7) The defendant is to submit to urinalysis and/or drug treatment as directed by Pre-Trial Services.

(8) The defendant is to have no contact whatsoever with Lieutenant Koger. He is to remain away from Lieutenant Koger's property and not to intrude thereon.

(9) Defendant is to have no contact with any witness or potential witness in this case whose identity has been made known to him.

Accordingly, the order of the Magistrate Judge providing for the release of Mr. Savage under the above conditions is **AFFIRMED**.

Dated: March 8, 1996.

PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE