AO 245 S (Rev. 5/94) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

FILED-CLERK
U.S. DISTRICT COURT

MAR 8  10 53 AM '01

EAST. DIST. MICHIGAN
SOUTHERN DIV.

UNITED STATES OF AMERICA

    v.

    Case Number CR **95-CR-50061-01-FL** FLINT
    Honorable Paul V. Gadola

**DION ERIC SAVAGE**
    Defendant.

## AMENDED JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, **DION ERIC SAVAGE**, was represented by **Kenneth Scott**.

The defendant was found guilty on Count **One of Second Superseding Indictment** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| **21 U.S.C. 848** | **Continuing Criminal Enterprise** | **10/18/96** | **One** |

As pronounced on **October 21, 1997**, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ **100.00**, for Count **One**, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed:  March _____, 2001

_____
Paul V. Gadola
United States District Judge

Defendant's SSN:  **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**
Defendant's Date of Birth:  **01/26/64**
Defendant's address:  **8129 North Vassar Road; Mt. Morris, MI 48458**



AO 245 S (Rev. 5/94) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant: **DION ERIC SAVAGE**
Case Number: CR **95-CR-50061-01-FL**

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of the defendant's life.

The defendant is remanded to the custody of the United States Marshal.

**RETURN**

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant   delivered   on   _____   to_____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____

AO 245 S (Rev. 5/94) Sheet 3 - Supervised Release

Defendant: **DION ERIC SAVAGE**
Case Number: CR **95-CR-50061-01-FL**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5** years on Count 1.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

--If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

--If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay, as directed by the Probation Office, any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

--The defendant shall not own or possess a firearm, destructive device, or dangerous weapon.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 5/94) Sheet 5 - Fine

Judgment--Page 4 of 5

Defendant: **DION ERIC SAVAGE**
Case Number: CR **95-CR-50061-01-FL**

**FINE**

The defendant shall pay a fine of $ **25,000.00**. This fine includes any costs of incarceration and supervision.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine is imposed pursuant to 18 U.S.C. 3571 .

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

AO 245 S (Rev. 5/94) Sheet 7 - Statement of Reasons

Judgment--Page 5 of 5

Defendant:  **DION ERIC SAVAGE**
Case Number:  CR **95-CR-50061-01-FL**

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report except that the court granted the government's request for a two-point obstruction enhancement but also granted the defendant's objection to a firearm enhancement which deducted two-points from the offense level.  Therefore, the changes had no effect on the findings of the Probation Department.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | **44** |
| Criminal History Category: | **II** |
| Imprisonment Range: | **Life Imprisonment** |
| Supervised Release Range: | **5** years |
| Fine Range: | **$ 25,000** to **$ 6,000,000** |
| Restitution: | **$ n/a** |

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.