UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                    Criminal Case No. 05-50061

Dion Eric Savage,                Honorable Sean F. Cox

    Defendant.

_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION SEEKING
LEAVE TO FILE A SUCCESSIVE § 2255 MOTION**

On May 12, 2008, Defendant filed a *pro se* submission titled, "Pursuant [to] the Court's Order of February 6, 2006, the Defendant Seeks the Court's Permission, in the Interest of Justice, to File a Motion for an Evidentiary Hearing in Light of the 'Newly Discovered Exculpatory & Material Evidence.'" (Docket Entry No. 776). For the reasons set forth below, the Court shall DENY Defendant's request for leave to file that submission.

BACKGROUND

This action was originally assigned to the Honorable Paul V. Gadola. In October of 1997, a jury convicted Defendant Dion Eric Savage ("Savage" or "Defendant") of engaging in a continuing criminal enterprise, conspiring to distribute cocaine, and possessing a weapon as a convicted felon. He was sentenced to life in prison plus ten years.

The United States Court of Appeals for the Sixth Circuit affirmed his continuing criminal enterprise and firearm convictions on direct appeal, but vacated the conspiracy conviction.

1

*United States v. Simpson*, 1999 WL 777348 (6th Cir. Sept. 21, 1999). In 2001, Judge Gadola vacated Savage's firearm conviction in a 28 U.S.C. § 2255 proceeding filed by Savage. *Savage v. United States*, 25 Fed. Appx. 280 (6th Cir. 2001).

As explained by the Sixth Circuit, "[a]fter his early successes, Savage began barraging the district court with dozens of frivolous motions challenging his remaining conviction." (*See* 6/5/08 6th Circuit Order in Case No 07-1487). In an Order dated February 6, 2006, Judge Gadola noted that, at that time, Savage had already filed at least 57 motions with the district court. (Docket Entry No. 727). Judge Gadola denied the 22 motions that were pending on that date, and further enjoined Savage from filing any further documents without first seeking leave of court. (*Id.*). The Sixth Circuit later affirmed Judge Gadola's February 6, 2006 Order enjoining Savage from filing documents without leave of court. (*See* 2/5/07 6th Circuit Order in Case Nos. 07-1604/1605/1914).

On February 23, 2007, Savage filed a "'Motion for an Evidentiary Hearing to Prove My Innocence,' in Light of the Newly Discovered Exculpatory/Material Evidence, in the Interest of Justice." (Docket Entry No. 744). On March 26, 2007, Judge Gadola issued an Order striking that motion. (Docket Entry No. 745). Savage then appealed that order to the Sixth Circuit.

In an Order dated June 5, 2008, the Sixth Circuit affirmed the order striking the motion, noting that "[a] review of the district court docket sheet reveals that Savage did not seek leave to file the instant motion. Thus, the district court's order was reasonable and not arbitrary." (Docket Entry No. 777).

On May 12, 2008, Savage filed the instant submission titled, "Pursuant [to] the Court's Order of February 6, 2006, the Defendant Seeks the Court's Permission, in the Interest of Justice,

2

to File a Motion for an Evidentiary Hearing in Light of the 'Newly Discovered Exculpatory & Material Evidence.'" (Docket Entry No. 776).

On June 11, 2008, this action was reassigned to this Court.

## ANALYSIS

The Court notes that although Savage has previously filed a motion pursuant to 28 U.S.C. § 2255, he is now seeking leave to file a successive § 2255 motion to address newly discovered evidence that he believes establishes his innocence.

Section 2255 places restrictions on the ability of federal prisoners to file successive § 2255 applications. Effective April 26, 1996, a prisoner seeking to file a second or successive § 2255 petition must first file with the court of appeals a motion for an order authorizing the district court to consider the second or successive motion. Specifically, § 2255(h) provides

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retro-active to case on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244. It does not appear that a panel of the Sixth Circuit has certified the successive § 2255 motion that Savage seeks to file in this Court. Accordingly, Savage's motion seeking leave to file that motion must be denied.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Docket Entry No. 776 is DENIED.

IT IS SO ORDERED.

/s/ Sean F. Cox
_____
SEAN F. COX
UNITED STATES DISTRICT COURT JUDGE

Dated: June 16, 2008

PURSUANT TO RULE 77(d), FRCivP
COPIES HAVE BEEN MAILED TO:
USA's Office - via electronic means
Flint MI &
Don Savage via
1st class mail
ON 6-16-08

_____
DEPUTY COURT CLERK

4