Dion Eric Savage 19734-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

February 7, 2019

To: The Honorable Bernard A. Friedman
Senior U.S. District Judge
Theodore Levin U.S. CtHse, Room 100
231 W. Lafayette Blvd
Detroit, Mich 48226

Robert. W. Haviland, AUSA
200 Federal Building
600 Church Street
Flint, Mich 48503



FILED
FEB 11 2019
CLERK'S OFFICE
DETROIT

Philip Miller, Probation Officer
231 W. Lafayette Blvd, Ste. 901
Detroit, Mich 48226

RE: USA v. Savage
(Crim. Case No. 95-50061)
"Motion to Expedite Section 404 Proceedings"

Your Honor:

on January 2, 2019, I filed a Section 404 of the First Step Act/§ 3582(c)(2) Motion. Section 404 of the First Step rendered the Fair Sentencing Act of 2010 retroactive and in light of the FSA being declared retroactive, pursuant to §§ 848(b)/841(b)(1)(B)(iii), it now requires **8.4 kilograms of crack** to trigger a mandatory minimum life sentence under § 848(b).

This very Court granted Eric Lyzell Simpsons § 3582(c)(2) motion as to Amendment 706, which has a threshold of 4.5 kilograms of crack. See [docket entry 838]. <u>See also</u> <u>U.S. v. Valentine</u>, 694 F.3d 665, 669 (6th Cir. 2012)(Prior to Amemdment 706, a court could impose the highest base-offense level if the quantity of cocaine base attributed to the defendant was 1.5 kilograms or more. Amendment 706 increased that threshold quantity to 4.5 kilograms). Thus, in light of [docket entry 838), there is no doubt that the quantity of crack attributed to the conspiracy is less than 4.5 kilograms of crack cocaine. Thus, there is no doubt that my mandatory minimum life sentence under § 848(b), in light of Section 404 of the First Step Act of 2018, is no longer a mandatory minimum life sentence (under the FSA § 841(b)(1)(B)(iii) is now 28 grams of crack. 28 grams times 300 equals **8.4 kilograms**, see <u>U.S. v. Jackson</u>, 345 F.3d 631, 646 n. 5 (8th Cir. 2003)). Furthermore and more importantly, it must be duly noted that the

drug amount attributed to the conspiracy, in light of the plethora of evidence submitted in my § 3582(c)(2) Motion in a footnote of the last page of said motion, calls into question whatever amount of drugs the conspiracy was held responsible for. See [docket entry 848, 6-pg transcript of reconsideration for resentencing held on January 12, 2010 as to Eric Lyzell Simpson]. See also U.S v. Irons, 712 F.3d 1185, 1190 (7th Cir. 2013).

Your Honor, since "there is no doubt," in light of [docket entry 838], and Section 404 of the First step Act of 2018, that I no longer have a mandatory minimum life sentence under § 848(b), I now have a Guideline range sentence of:

| | |
|---|---|
| Original Base Offense level | +38 |
| (BOL 38, CHC II under the old law 1.5 KG's) | |
| Leadership Enhancement | + 4 |
| Obstruction Enhancement | + 2 |
| First Step Act making Section 404/FSA of 2010 retractive) Amendment 706 | - 2 |
| Amendment 750(New Law 840 G but less than 2.8 KG Base Offense Level 34) | - 4 |
| Amendment 782 | - 2 |
| Corresponding Guideline Range | 210 to 262 |
| (Base Offense Level 36, CHC II) | |

In addition to the above, I have been incarcerated since July 7, 1997 and to this very date of 2/7/19 I have been in prison for **259-months**, not to mention the 1134 days of good time that is owed to me. Thus, even if the Court were to impose the high-end of 262-months (BOL 36, CHC II), which I implore the Court not to, I would still have more time in prison than the new law requires.

I am also cognizant of the unfortunate partial Government shutdown that lasted 35-days, however, the shutdown is over, and with all due respect to this Honorable Court and other parties involved, I, like other eligible FSA prisoners who had MM life sentences and other MM sentences and of which are now free men, should not still be in prison.

Your Honor, all that I am asking is what is just due to me in light of the new law(First Step Act of 2018, which rendered the FSA of 2010 retroative), in an epeditious manner as other District Judges from Iowa and Illinois are doing as to processing eligible FSA prisoners. Judge Shadid of the Central District of Illinois granted an immediate release of an eligible FSA prisoner "within" 3 weeks of President Donald J. Trump signing the First Step Act into law on 12/20/18. I witnessed this with my own eyes (MiAngel Cody was the brilliant lawyer who got this done).

CERTIFICATE OF SERVICE

    I hereby certify that a true and complete copy of the foregoing Motion to Expedite the Section 404/§ 3582(c)(2) proceedings has been placed in U.S. First Class Mail, this day of February 8, 2018, with the postage prepaid to the parties below:

Robert W. Haviland, AUSA
200 Federal Building
600 Church Street
Flint, Mich 48503

Dion Eric Savage, Sr. 19734-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

Philip Miller
231 W. Lafayette Blvd, Ste. 901
Detroit, Mich 48226

Dion Savage 19734-039
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

Legal Mail

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem which this facility has jurisdiction, you wish to return the material for further action or clarification. If the writer encloses correspondence for forwarding to another, please return the enclosure to the above address.

Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000

⇔19734-039⇔
US District Court
231 W. Lafayette Blvd
Detroit, MI 48226
United States

⇔19734-039⇔
US District Court
231 W. Lafayette Blvd
Detroit, MI 48226
United States

RECEIVED
FEB 11 2019
CLERK'S OFFICE
DETROIT