UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 95-cr-50061 |
| Plaintiff, | Hon. BERNARD A. FRIEDMAN<br>United States District Judge |
| v. | |
| DION ERIC SAVAGE, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION PURSUANT TO FED. R. CIV. PROC. 54(b) . . ." [R. 983]**

Savage is a highly litigious federal prisoner who has already been sanctioned by both this Court and the Sixth Circuit for his abusive litigation. Since his conviction in 1997 for operating a continuing criminal enterprise, Savage has amassed a small mountain of post-conviction motions, successive § 2255 petitions, and appeals, many of which were repetitive. The present motion is simply more of the same, repeating arguments that were already denied by the Court in 2011. For this reason and the additional reasons stated herein, Savage's motion should be denied.

I.  BACKGROUND

Following a month-long jury trial, Savage was convicted in July 1997 of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848,

1

conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and felon in possession of firearms in violation of 18 U.S.C. § 922(g). *United States v. Simpson*, 191 F.3d 454 (6th Cir. 1999). Savage was sentenced to life imprisonment for the CCE conviction and a concurrent 10-year term of imprisonment for the firearm conviction, while his sentencing on the conspiracy conviction was held in abeyance. *Id.* On direct appeal, the Sixth Circuit, *inter alia,* upheld Savage's CCE conviction and set aside his conspiracy conviction as a lesser included offense of the CCE conviction. *Id.*

While Savage's direct appeal was pending, he moved for a new trial in May 1998 based, *inter alia*, on purported new evidence. (R. 364). The Court denied the motion for a new trial on February 16, 2001, finding that there was an "overwhelming quantity of evidence" against Savage, and that the proffered new evidence would not probably result in an acquittal. (R. 441, at 4). The Court denied Savage's motion for reconsideration, and Savage appealed on May 3, 2001. (R. 462; R. 470).

On September 29, 2000, Savage moved to vacate his sentence under 28 U.S.C. § 2255, and on December 29, 2000, he filed a motion to supplement that petition. (R. 427; R. 431). On March 7, 2001, the Court vacated Savage's conviction for felon in possession of firearms, denied his motion to supplement his § 2255 motion as futile, denied his challenges to his CCE conviction, and denied

his motions in all other respects. (R. 443). On March 8, 2001, the Court entered a judgment ordering that Savage's firearms charge be vacated and denying him any further relief. (R. 444; R. 445). Savage sought a certificate of appealability on March 27, 2001, which was granted as to the question of whether the U.S. Supreme Court's decision in *Richardson v. United States*, 526 U.S. 813 (1999), rendered his CCE conviction invalid. (R. 448; R. 452).

The Sixth Circuit consolidated Savage's appeals from the denial of his motion for a new trial and the denial in part of his § 2255 motion, and it affirmed the Court's orders in an opinion issued on December 11, 2001. *Savage v. United States*, 25 Fed. App'x 280 (6th Cir. 2001). The Sixth Circuit held, *inter alia*, that Savage's CCE conviction remained valid after *Richardson*, and the failure to give jury unanimity instructions on his CCE conviction was no more than harmless error. *Id.* at 282-83. Savage's petition for certiorari to the U.S. Supreme Court was denied on May 28, 2002. (R. 557). Throughout these proceedings, Savage repeatedly asserted that the Court's March 2001 order was a final judgment that fully adjudicated the claims raised in his § 2255 petition. (*See, e.g.*, R. 447: Not. Appeal, Mar. 27, 2001 (stating that the Court "issued its final denial" of Savage's § 2255 motion on March 8, 2001); R. 448: Mot. Certificate Appealability, Mar. 27, 2001, at 5; R. 585: Pet. Cert., Mar. 7, 2003, at 19-20; R. 613: Mot. Extraordinary Relief, May 9, 2003, at 12-13, 19-20).

During and after the complete adjudication of Savage's § 2255 petition and its attendant appeals, he continued to file an avalanche of post-conviction motions and appeals. In an order issued on February 6, 2006, the Court noted that Savage had filed at least 57 motions with the Court since his conviction in October 1997, "many of which are virtually identical." (R. 727, at 1). It then sanctioned Savage for his abusive litigation by enjoining him from filing further documents without leave of the Court. (*Id.*, at 2). The Sixth Circuit upheld the Court's order on February 1, 2007, finding that Savage had "a history of frivolous, vexatious, and repetitive litigation." (R. 743, at 2). It also held that the Sixth Circuit had already addressed Savage's *Richardson* claim with respect to his indictment, and that further relitigation of that claim was therefore foreclosed. (*Id.*). Yet Savage's abusive litigation continued unabated, and on March 9, 2010, after having addressed what was at least Savage's fifth attempt to pursue a non-meritorious successive § 2255 motion, the Sixth Circuit warned him that he would face further sanctions if he continued to file abusive or frivolous motions. (R. 846, at 3).

Following the Sixth Circuit's order, Savage changed tactics. On May 7, 2010, Savage filed a motion in the district court under Rule 60(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court's March 2001 order adjudicating his first § 2255 petition failed to address a claim raised in his motion to supplement his petition. (R. 854). In particular, Savage argued that his motion to supplement

had purportedly included the claim that his "indictment was jurisdictionally defective for failing to Notice the 'three essential elements' of the 848(c) offense" following the Supreme Court's decision in *Richardson*, and that the Court "failed to rule on this meritorious claim, thus making [his motion] a 'true 60(b)' claim," instead of a successive § 2255 petition. (*Id.*, at 2). Savage also raised the issue of the Court's alleged failure to rule on this claim in yet another successive § 2255 petition filed on August 11, 2010. (R. 857, at 2).

The Court denied Savage's Rule 60(b) motion on February 14, 2011, finding that it "was not made 'within a reasonable time'" as required by Rule 60, having been filed "over nine years after the ruling from which he seeks relief." (R. 867). The Court also denied Savage's successive § 2255 petition in a separate order issued on the same date, finding that "[d]efendant's proposition that the Court may now revisit its March 7, 2001 opinion, which was affirmed by the Sixth Circuit, is unsupported." (R. 868). Savage sought appellate review of these and other decisions. (R. 879; R. 880). The Sixth Circuit consolidated his pending appeals and issued an order denying relief on February 21, 2012. (R. 916). In its decision, the Sixth Circuit highlighted Savage's "small mountain of motions and pleadings that qualified as successive § 2255 motions" and his "long history of abusive litigation," and imposed sanctions restricting him from filing any further appeals or motions before the Sixth Circuit without first obtaining its permission. (*Id.*, at 2).

But just two weeks after the Sixth Circuit imposed these sanctions on Savage for his repetitive, abusive litigation, Savage filed yet another successive § 2255 petition, in which he sought to aggregate the arguments made in several of his other post-conviction pleadings, including with respect to *Richardson*, and obtain a rehearing on the merits of those claims. (R. 917). The district court transferred Savage's motion to the Sixth Circuit, and on October 24, 2012, the Sixth Circuit denied permission to file a successive § 2255 petition. (R. 922). Since that time, Savage has continued to file repetitive motions, successive § 2255 petitions, and additional appeals, for which the Sixth Circuit has denied relief. (*See, e.g.*, R. 926: 6th Cir. Order, Apr. 12, 2013; R. 939: 6th Cir. Order, Aug. 27, 2014; R. 940: 6th Cir. Order, Aug. 27, 2014; R. 980: 6th Cir. Order, Mar. 23, 2017). In total, there have now been approximately 50 post-conviction actions filed before the Sixth Circuit by Savage.

The present motion, which purports to be based on Rule 54(b) of the Federal Rules of Civil Procedure,[1] was filed on August 9, 2018. (R. 983). In it, Savage raised – yet again – the argument that the Court's March 2001 order allegedly failed to address his "notice" claim under *Richardson*, which he purportedly raised

---

[1] Savage's motion is entitled "Motion pursuant to Fed.R.Civ.Proc. 54(b) as to a claim specifically raised in a Fed.R.Civ.P. 15(a)(1) motion as to the indictment failing to 'notice the three essestial [sic] elements' of the ppredicate [sic] offenses under 21 U.S.C. 848(c), that the court failed to adjudicate." (R. 983).

in his motion to supplement his first § 2255 petition. (*Id.*). On August 28, 2018, the district court transferred Savage's motion to the Sixth Circuit for certification as an apparent second or successive § 2255 petition. (R. 984). Savage filed a letter with the Sixth Circuit on September 7, 2018, stating that his motion was not a successive § 2255 motion because it was intended solely to request that the "district court [] rule on a 'specific issue'" that was purportedly raised in his "§ 2255/Rule 15(a)(1) proceedings," and allegedly not resolved by the Court in its March 2001 order. (6th Cir. No. 18-1982, R. 5). Based on this representation, the Sixth Circuit issued an order on December 20, 2018, finding that Savage's motion did not raise a new "claim," or "attack[] the court's previous resolution of a claim on the merits," but concerned only "an alleged procedural defect in the district court proceedings." (R. 985, at 2-3). The Sixth Circuit then construed Savage's motion as, in effect, a motion under Rule 60(b) of the Federal Rules of Civil Procedure, and remanded the motion for further proceedings. (*Id.*).

## II.    ARGUMENT

Despite the exhaustion of Savage's direct appeals and the appeals of his first § 2255 petition, Savage has continued to file a "small mountain" of "frivolous, vexatious, and repetitive" motions seeking post-conviction relief from the Court and the Sixth Circuit over the span of two decades. (*See, e.g.*, R. 743: 6th Cir. Order, Feb. 1, 2007, at 2; R. 916: 6th Cir. Order, Feb. 21, 2012, at 2). Having

7

failed numerous times to satisfy the threshold requirements to pursue a successive § 2255 petition, Savage now seeks to reopen his first § 2255 petition by arguing that the Court's March 2001 decision failed to adjudicate one of the issues purportedly raised in his motion to supplement that petition.

Savage's motion should be denied because it is untimely and meritless. First, Savage's motion raises arguments for which this Court already denied relief in February 2011. His motion should therefore be construed as a request for reconsideration or relief from a judgment that should be denied as untimely. Second, even if Savage's motion were not untimely, his motion would fail on the merits. The Court's March 2001 decision was a final order denying Savage's motion to supplement and fully adjudicating his § 2255 petition, that was further affirmed by the Sixth Circuit on appeal.

### A. Savage's Motion Should Be Denied As Untimely

#### 1. Savage's Motion Should Be Denied As an Untimely Motion for Reconsideration

As described above, the arguments raised in Savage's present motion are substantially the same as the arguments he raised in a prior Rule 60(b) motion filed more than eight years ago, on May 7, 2010. Specifically, in his May 2010 motion, Savage claimed that the district court's March 2001 decision "failed to rule on [his] meritorious claim" that the "indictment was jurisdictionally defective for failing to

8

Notice the 'three essential elements'" for his CCE conviction under the Supreme Court's decision in *Richardson*. (R. 854: Mot. R. 60(b), at 2). He therefore claimed that his motion was a "true" Rule 60(b) claim and sought a ruling as to the issue that had purportedly been left unadjudicated. (*Id.*). The district court denied Savage's May 2010 motion on February 14, 2011, finding that the motion was untimely because it had been filed "over nine years after the ruling from which he seeks relief." (R. 867). The Sixth Circuit consolidated Savage's appeals of this and other issues, and denied relief in an order issued on February 21, 2012. (R. 916).

Consistent with Savage's history of repetitive and abusive litigation, his present motion regurgitates the same allegations that he made in May 2010, while omitting any reference to the Court's prior decision denying him relief. Just as in his May 2010 motion, Savage's present motion: (1) alleges that, in his December 2000 motion to supplement his § 2255 petition, he raised the argument that his CCE conviction was invalid under the Fifth and Sixth Amendment because the indictment failed to provide notice of the three predicate offenses underlying his CCE charge; (2) claims that the Court failed to rule on this argument in its March 2001 opinion; and (3) requests that the Court issue a ruling on the purported unadjudicated issue. (R. 983, at 2-4). He also posits that, because the Court allegedly never issued a final decision on his first § 2255 petition, it retains the "inherent power and discretion to rectify" the judgment. (*Id.*, at 4-5). He therefore

9

seeks reconsideration of the Court's March 2001 decision and the correction of a litany of other alleged errors that have been previously considered and rejected by the courts over the past two decades.[2] (*Id.*, at 4-8).

Because the Court already issued an order in February 2011 denying the relief sought in Savage's present motion, his motion is properly construed as a motion for reconsideration of the Court's prior decision. *See, e.g.*, *United States v. Savage*, 99 Fed. App'x 583, 584-85 (6th Cir. 2004). Under Local Rule 7.1(h), a motion for reconsideration "must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Even construed, in the alternative, as a motion to alter or amend the Court's February 2011 order under Federal Rule of Civil Procedure 59(e), such a motion must be filed within 28 days after the entry of the judgment complained of, and this time period may not be extended. *See* Fed. R. Civ. P. 6(b)(2), 59(e).

Here, Savage's motion was filed more than seven years after the entry of the Court's February 2011 order, which manifestly exceeds the time limits established

---

[2] Savage's September 7, 2018 letter to the Sixth Circuit stated that his motion was only a request that the "district court rule on a 'specific issue'" that was raised in his December 2000 motion to supplement. (6th Cir. No. 18-1982, R. 5). The Sixth Circuit referenced this representation in its decision remanding the motion to the Court. (R. 985). Any claims or requests for relief that are inconsistent with this prior representation should therefore be construed as abandoned.

for motions under either Local Rule 7.1(h) or Rule 59(e). His motion should therefore be denied as untimely.

### 2. Savage's Motion Should Be Denied As Untimely Under Rule 60(b)

A motion for reconsideration that is untimely under Rule 59(e) may be construed as a motion for relief from judgment under Rule 60(b). *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). However, even under the more permissive timing applicable to Rule 60(b) motions, Savage's motion is still untimely and must be denied.

Rule 60(b) sets forth certain specified grounds under which a court may relieve a party from a final judgment or order. Of note here are subsection 60(b)(1), based on "mistake, inadvertence, surprise, or excusable neglect," and subsection 60(b)(6), based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Rule 60(c)(1) further provides that "[a] motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A party who should have sought relief within one year pursuant to

11

the reasons listed in Rule 60(b)(1) may not instead seek relief under Rule 60(b)(6) in order to avoid the effect of the one-year limitation. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993). In addition, Rule 60(b)(6) relief is "extraordinary and may only be granted in exceptional circumstances, which rarely occur in the habeas context." *West v. Champion*, 363 Fed. App'x 660, 664 (10th Cir. 2010) (internal citations and quotation marks omitted); *see also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pioneer*, 507 U.S. at 393. A party must "articulate a reasonable basis" for the delay in order for a motion to be considered made "within a reasonable time." *Tyler*, 749 F.3d at 510.

Construing Savage's motion liberally as a request for relief from the Court's more recent February 2011 order, Savage's motion must be dismissed as untimely. Savage's motion was filed more than seven years after the Court's February 2011 order, and he has made no attempt to provide a justifiable excuse for this delay. Under these circumstances, his motion was not filed "within a reasonable time" under Rule 60(c)(1), and must therefore be denied. *See, e.g.*, R. 867: Feb. 14, 2011 Order; *Tyler*, 749 F.3d at 510; *West*, 363 Fed. App'x at 664.

If, in the alternative, Savage's motion were considered as a fresh request for relief from the Court's underlying March 2001 order,[3] his motion would be even more untimely. This Court has already held that Savage's nine-year delay in raising the present arguments in May 2010 was not "within a reasonable time" under Rule 60(b). (R. 867). A delay of more than 17 years is even more untimely, and his motion should be denied on this ground.

Where a defendant alleges that the court has failed to rule on a claim raised in his habeas petition, such a motion falls under Rule 60(b)(1) and its one-year limitation, particularly if the defendant bears at least part of the blame for the delay.[4] *See Tyler*, 749 F.3d at 509; *Pioneer*, 507 U.S. at 393. Here, Savage was

---

[3] In its remand order, the Sixth Circuit effectively construed Savage's motion as a Rule 60(b) motion seeking relief from the Court's March 2001 order. (R. 985, at 2-3). Savage's motion also appears to seek reconsideration directly of the Court's March 2001 order. (R. 983, at 8).

[4] Savage styled his present motion as a request for relief under Federal Rule of Civil Procedure 54(b), which allows for entry in certain cases of a final judgment that does not dispose of all claims regarding all parties in a case. R. 983; Fed. R. Civ. P. 54. However, the Court's March 2001 decision denying Savage's motion to supplement was a final order disposing of the motion, and Savage must therefore pursue any allegations of purported error under Rule 60(b), which governs relief from a final judgment or order. Fed. R. Civ. P. 60(b); *see also* R. 985: 6th Cir. Order, at 3; *Tyler*, 749 F.3d at 509. This conclusion is consistent, moreover, with Savage's own prior characterization of his arguments as a "true" Rule 60(b) motion. (R. 854: Mot. R. 60(b), at 2). In addition, the final nature of the Court's March 2001 order has been confirmed by the Sixth Circuit on appeal. In its December 11, 2001 opinion affirming the Court's § 2255 opinion, the Sixth Circuit noted that the Court "vacated Savage's firearm conviction on March 9, 2001, but denied his § 2255 motion in *all other respects*." *Savage*, 25 Fed. App'x at 282

entirely to blame for the delay in bringing his present motion. Once the Court issued its order in March 2001 denying Savage's motion to supplement his § 2255 petition, Savage had all of the facts necessary to seek immediate relief on the ground that the Court purportedly had erred by failing to address a claim therein. He failed to do so, however, and has provided no excuse for his delay. Accordingly, the one-year limitation period set forth in Rule 60(c)(1) for motions under Rule 60(b)(1) applies, and Savage's motion is untimely.

Even if the Court were to allow Savage's present motion to be considered under the catch-all provision of Rule 60(b)(6) – despite the applicability of Rule 60(b)(1) and the lack of any exceptional or extraordinary circumstances in this case – his motion would still be untimely because it was not filed "within a reasonable time," and he has not "articulate[d] a reasonable basis for delay." Fed. R. Civ. P. 60(c)(1); *Tyler*, 749 F.3d at 510.

During the past two decades, Savage has filed dozens of motions and petitions seeking relief on numerous grounds, which amply demonstrate the opportunities that were available for him to raise the Court's alleged error at an

---

(emphasis added). Inasmuch as the Sixth Circuit's finding of a final, appealable order was a predicate to its exercise of jurisdiction over the appeal, it constitutes part of the law of the case and should dispose of Savage's new argument – raised more than 17 years later – that no such final order was issued. *See, e.g.*, *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

earlier time. However, rather than pursuing his present argument, Savage spent more than nine years arguing the opposite: that the Court's March 2001 decision had fully adjudicated his § 2255 petition and was a final, appealable order from which he could seek appellate relief. It was only after Savage's varied appeals and other motions failed that he sought to argue that his first § 2255 petition had not been finally adjudicated and that he should thus be given yet another opportunity to relitigate his claims. Such strategic, iterative, and repetitive litigation is precisely the type of harm that Rule 60(b)'s limitations were intended to avert. *See Tyler*, 749 F.3d at 509.

Thus, whether the present motion is construed as a motion for relief from the Court's February 2011 order or from the underlying March 2001 order, Savage's motion is untimely and should be dismissed.

### B. Even If Savage's Motion Were Considered Timely, His Motion Should Be Denied on the Merits

Even if his motion were timely, Savage's motion would still fail because he has not made the necessary showing of error for a motion to reconsider and his *Richardson* claim has already been denied by the courts.

First, as stated above, the government construes Savage's motion as a motion for reconsideration of the Court's February 2011 decision, which denied his May 2010 motion that made the same arguments and sought the same relief.

Under Local Rule 7.1(h), to obtain relief in a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The Local Rule also provides that the Court should deny motions for reconsideration that "merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Under Rule 59(e), to prevail in a motion for relief from judgment, "there must be (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009).

Here, Savage's motion has not met the standard required for a motion for reconsideration. Far from asserting a "palpable defect" in the Court's February 2011 decision that would alter the outcome of the case under Local Rule 7.1(h), Savage's motion avoids referring to the Court's prior decision in any way. His motion thus fails to offer any reason why the Court should revisit his allegations another six years after they were first denied as untimely, or why the Court should reverse its February 2011 order denying Savage relief. Instead, Savage's motion recycles the same arguments that he made in his May 2010 motion, as if he were

advancing them for the first time. His motion offers a textbook example of a duplicative motion for reconsideration that "merely present[s] the same issues ruled upon by the Court." E.D. Mich. LR 7.1(h)(3). Similarly, Savage's motion reveals no change in circumstances since the Court's February 2011 decision that would satisfy the standard for relief under Rule 59(e). His motion should therefore be denied, whether pursuant to Local Rule 7.1(h) or Rule 59(e).

Second, even if the Court were to reconsider its February 2011 decision and reach the merits of Savage's allegations regarding the purported failure of the Court to address a claim in its March 2001 decision, Savage's motion should still be denied. As an initial matter, it is doubtful that Savage even raised his current "notice" claim in a cognizable manner in his motion to supplement. Savage's motion to supplement focused on alleged deficiencies in his indictment regarding drug quantity and predicate offenses within the framework of *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[5] an argument which the district court explicitly addressed in its order denying the motion to supplement. (R. 443, at 2-3). Savage's motion to supplement appears to mention the word "notice" only once, within a

---

[5] *E.g.*, R. 431: Mot. Suppl., at 2 ("What is of monumental importance, and tied to the *Apprendi* issues are questions of jurisdiction and retroactivity."), 3 ("The issue of jurisdiction under the theory of *Apprendi* can be brought at anytime."), 3 ("If an element of the offense [drug quantity and three predicates] are not charged in the indictment, it would be difficult for the jury to make a finding by special verdict under the principles of *Apprendi* . . . .").

parenthetical for a case cited in a discussion of the concerns raised by *Apprendi*. (*See* R. 431, at 7). A district court does not err by addressing a party's claim in accordance with the manner in which it was characterized in the pleadings, even if the party later alleges that its claim was actually a different one. *See, e.g.*, *Hourani v. United States*, 239 Fed. App'x 195, 198 (6th Cir. 2007). While the allegations in a pro se defendant's habeas pleadings may be construed more liberally, such leniency "is not boundless." *Porter v. Genovese*, 676 Fed. App'x 428, 440 (6th Cir. 2017). A pro se defendant must still be held to the arguments that he expressly makes, and a court will not be required to rewrite them in order to construe other claims. *Id*.

Even if Savage were found to have raised his current "notice" claim in a cognizable fashion in his motion to supplement, however, his present motion would still fail and he would not be entitled to the relief he seeks. Savage's *Richardson* arguments have been raised before the Sixth Circuit numerous times over the course of his extensive and repetitive litigation, and the Sixth Circuit has rejected his claims for relief on that basis. *See, e.g.*, *Savage*, 25 Fed. App'x at 282-83; R. 743: 6th Cir. Order, Feb. 1, 2007, at 2-3 (finding that the Sixth Circuit "had already denied [Savage's] *Richardson* claim" in its decision on his first § 2255

petition, and thus "relitigation of that claim was foreclosed"). Savage has presented no grounds in his present motion that would warrant revisiting these decisions.[6]

### III. CONCLUSION

For the reasons stated above, Savage's latest salvo in his long history of repetitive and abusive post-conviction litigation is untimely and without merit. Accordingly, his motion should be denied.

Respectfully Submitted,

MATTHEW SCHNEIDER
United States Attorney

Dated: April 19, 2019

s/ANN NEE
ANN NEE (P81487)
Assistant United States Attorney
600 Church St.
Flint, Michigan 48502
Phone: (810) 766-5177
Email: ann.nee@usdoj.gov

---

[6] Savage's purported "notice" argument was raised for the first time in his motion to supplement his petition, which was denied, rather than in his initial § 2255 petition. Thus, any finding of error or failure to adjudicate a claim would affect only the Court's denial of the motion to supplement and the one purportedly unadjudicated issue therein; Savage would not be entitled to reopen and relitigate the merits of his first § 2255 petition in its entirety, as he claims in his present motion. *See Tyler*, 749 F.3d at 509.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2019, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system and said document was forwarded to Dion Eric Savage via U.S. First Class Mail to:

Dion Eric Savage
Pris No: 19734-039
Pekin Federal Correctional Institution
Inmate Mail/Parcels
PO Box 5000
Pekin, IL 61555

                                                                          s/Ann Nee
                                                                          Assistant United States Attorney