IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DION ERIC SAVAGE, SR.,

    Defendant.
_____/

CRIM. CASE NO: 95-50061

HONORABLE BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

**THE RULE OF LENITY APPLIES TO SECTION 404 OF THE FIRST STEP ACT OF 2018 BECAUSE SECTION 404 DOES NOT STATE WHETHER IT IS THE "STATUTE OF CONVICTION" OR THE "ACTUAL OFFENSE CONDUCT" THAT DETERMINES THE ELIGIBILITY OF THE FIRST STEP ACT OF 2018**

NOW COMES Dion Savage, proceeding Pro Se in the above captioned-matter. Mr. Savage invokes the legal doctrine prescribed under <u>Franklin v. Rose</u>, 765 F.2d 82, 84-85 (6th Cir. 1985), in the instant proceedings. And for the mertiorious and irrefutable and controlling precedent that follows, Mr. Savage implores the Court to apply "The Rule of Lenity" to Section 404 and construe it in Mr. Savage's favor as to it being the "statute of conviction" that determines the eligibility of the First Step Act of 2018. <u>See</u>, <u>e.g.</u>, <u>U.S. v. Pierre</u>, 2019 U.S. Dist. LEXIS 10-11 58895 (D.RI. April 5, 2019).

(I)

    SECTION 404 OF THE FIRST STEP ACT IS AN AMBIGUOUS STATUTE
      BECAUSE IT FAILS TO STATE WHETHER IT IS THE "STATUTE
      OF CONVICTION" OR THE "ACTUAL OFFENSE CONDUCT" THAT
    DETERMINES THE ELIGIBILITY OF THE FIRST STEP ACT of 2018

Mr. Savage avers that the Court has the discretion to impose a reduced sentence under the First Step Act of 2018 because he was definitely convicted of a "covered offense," and that is, §§ 841(b)(1)(B)/848(b) that was "modified by Section 2 or 3 of the Fair Sentencing Act of 2010." § 848(b) as it relates to Mr. Savage relies solely on § 841(b)(1)(B)(iii) to trigger a MM life sentence. The pertinent part of the Fair Sentencing Act increased the quantity of crack cocaine from 5 grams to 28 grams. Thus, under the Fair Sentencing Act of 2010/Section 404(a) it now requires **8.4 kilograms of crack cocaine** to trigger a mandatory minimum life sentence under § 848(b) (300 times 28 equals 8400 grasm of crack, see Jackson, 345 F.3d at 646 n. 5). Mr. Savage was held responsible for 1.5 kilograms of crack during my 10/21/97 sentencing hearing, which is[1] the actual offense conduct, and in light of the plethora of "exculpatory and material evidence" submitted in my initial First Step Act motion filed on 1/2/19 on the last page of that moiton in a footnote, the 1.5 kilograms is called into question. Furthermore, it must be duly noted that Mr. Savage objected to the PSR, crack cocaine and the entire sentencing proceedings. See U.S. v. Valentine, 694 F.3d 665, 672 n. 4 (6th Cir. 2012); U.S. v. Moore, 582 F.3d 641, 644 (6th Cir. 2009).

---

[1] Your Honor, to further verify that the conspiracy involved 1.5 kiolgrams of crack (everyone on the conspiracy is held responsible for the same amount of crack), Mr. Savage direct the Court's attention to [docket entry 838], where the Court granted Eric Lyzell Simpson § 3582(c)(2) relief as to Amendment 706. And Amendment 706 has a threshold amount of crack of 4.5 kilograms. See Valentine, 694 F.3d at 679 n. (Amendment 706 increased that threshold quantity to 4.5 kilograms). Thus, there should be "no doubt" in the Court's mind that the MM life sentence under § 848(b)/Section 404(a) is no longer mandated to Mr. Savage.

Mr. Savage avers that in the event the government presents an actual offense conduct argument as the basis for the Court to deny First Step Act relief, an argument that the vast majority of District courts has flat out rejected, see Pierre, 2019 U.S. Dist. LEXIS 11, Section 404 is an ambiguous statute because it does not state Congressional intent as to whether it is the "statute of conviction" that determines the eligibility of the First Step Act of 2018 or if is the "actual offense conduct" that controls.[2/]

In Pierre, supra, the government presented the above argument and the Court in Pierre held:

> ... in determining a defendant's eligibility for relief under the First Step Act, it is not clear whether Congress intended the district court to look to the actual offense conduct for which the defendant was convicted (for example, using the transcript from the change of plea colloguy to determine drug quantity), or to look simply to the offense of conviction (i.e., the federal criminal statute the defendant violated).

The Court in Pierre, supra went on and stated that both the Government's and Defendant's arguments are plausible on their face, and there is no legislative history available on Section 404 to lend clarity to Congressional intent. But ultimately, joining other courts that have weighed in on the issue, the Court concludes that Defendant's construction is more sensible. See, e.g., U.S. v. Tucker, 356 F. Supp. 3d 808 (S.D.Iowa 2019); U.S. v. Davis, 2019 U.S. Dist. LEXIS 36348 (W.D.N.Y. Mar. 6, 2019).

The Court held in Pierre, which is the crux of the instant Supplemental Motion, that where a crimianl statute is ambiguous,

---

2/ See, e.g., Reno v. Koray, 115 S.Ct. 2021, 2029 (1995).

as is here, the rule of lenity informs the Court's decision. U.S. v. Bowen, 127 F.3d 9, 13 (1st Cir. 1997)(As the Supreme Court has consistently held, the rule of lenity commands that genuine ambiguties affecting a criminal statute's scope be resolved in the defendants favor).

The Supreme Court and Sixth Circuit is in accord with The Rule of Lenity applies to ambiguous criminal statutes and that the statute in question MUST be construed in the defendants favor.

The Supreme Court has given lower courts at least five formulations for determining when the "Rule of Lenity" applies:

> "[O]nly when the equipoise of competing reasons cannot otherwise be resolved." See Johnson v. United States, 529 U.S. 694, 713 n. 13 (2000).
>
> When the court "can make no more than a guess." Reno v. Koray, 515 U.S. 50, 65 (1995).
>
> When the court is "left with an ambiguity or uncertainty." See Muscarello v. United States, 524 U.S. 125, 139 (1998).
>
> When, after all the legitimate tools of interpretation have been applied, "a reasonable doubt persists." Moskal v. United States, 498 U.S. 103, 108 (1990). The Sixth Circuit also provides varying formulations for when to apply the rule:
>
> "[A]s a tiebreaker of last resort[.]" U.S. v. Morales, 687 F.3d 697, 701 (6th Cir. 2012)
>
> "[W]hen the plain language, structure, and legislative history provides no guidance[.]" U.S. v. King, 516 F.3d 425, 432 (6th Cir. 2008).
>
> "When there are TWO rational readings of a criminal statute" and Congress hasn't spoken in "clear and definite language." U.S. v. Brock, 501 F.3d 762, 768 (6th Cir. 2007), abrogated on other grounds.

-4-

"[W]here significant doubt or uncertainty lingers." <u>U.S. v. Canelas-Amador</u>, 837 F.3d 668, 675 (6th Cir. 2016).

Of all of the above, the Court should adopt the <u>Moskal</u> or <u>Brock</u>, 501 F.3d at 768, formulation, the Rule of Lenity would mitigate against adopting a broad reading of "operate" because reasonable doubts abound. After applying all the legitimate tools of interpretation, we are left with a vague, undefined word; no clear statutory purpose; and a self-referential definition. "[W]hen the government means to punish, its commands must be reasonably clear. When they are not clear, the consequences should be visited on the party's more able to avoid and correct the effects of shoody legislative drafting,... <u>Id.</u> (Justice Thurgood Marshall & endorsed by the late great Justice Scalia. See Reading Law at 299).

Accordingly, in light of the above controlling precedent, the Court should construe Section 404 in Mr. Savage's favor as to it being the "statute of conviction" that controls the eligibility of the 1SA, and in the case at bar the "statute of conviction is § 848(a) which carries a MM 20 year term of imprisonment.

> The Court holds that, in determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should **REFRAIN** from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would

have hypotheically affected the charges brought against the defendant under the new statutory regime. <u>Id.</u> <u>Pierre</u>, <u>supra</u> at LEXIS 12. (Chief Judge William E. Smith)

WHEREFORE, Mr. Savage implores the Court, in accord with <u>Pierre</u>, <u>supra</u> as to Section 404 being an ambiguous statute and the plethora of controlling precedent as to when to apply the Rule of Lenity, to grant the relief requested above and reduce my MM life sentence under § 848(b), the actual offense conduct,[3] to a MM 240 month term under § 848(a), the "statute of conviction" for which the jury found me guilty of.

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Motion has been placed in U.S. First Class Mail, this day of June 10, 2019, with the postage prepaid to the party below:

Nancy A. Abraham, AUSA
210 Federal Building
600 Church Street
Flint, Mich 48502

Dion Eric Savage, Sr. 19734-039
FCI Pekin
P.O. Box 5000
Pekin, IL 61555

---

[3]  <u>United States v. Lanier</u>, 520 U.S. 259, 266 (1997)(noting that the rule of lenity "ensures fair warning by resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered").; <u>see also</u> <u>Esquivel-Quintana v. Lynch</u>, 820 F.3d 1019, 1023 (6th Cir. 2015)("The Rule of Lenity" must be resolved in the defendants favor).

Dion E. Savage 19734-039
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

Legal Mail!!

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

RECEIVED
JUN 10 2019
FCI PEKIN
MAIL ROOM

⟨⟩19734-039⟨⟩
US District Court
231 W. Lafayette Blvd
Detroit, MI 48226
United States

RECEIVED
JUN 13 2019
CLERK'S OFFICE
U.S. DISTRICT COURT

Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000

USA FOREVER
USA FOREVER