

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DION ERIC SAVAGE, SR.,

    Defendant.
_____/

CRIM. CASE NO: 95-CR-50061

HONORABLE BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

### FIRST STEP ACT SUPPLEMENTAL MOTION WITH "RECENT PERTINENT AND SIGNIFICANT AUTHORITIES" THAT SUBVERTS THE GOVERNMENT'S POSITIONS FOR DENIAL OF 1SA RELIEF

NOW COMES Dion Savage, proceeding Pro Se in the above captioned-matter. Mr. Savage invokes the legal doctrine as prescribed under <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), in the instant proceedings.

Mr. Savage moves the Court to supplement his 1SA motion with the following "recent pertinent & significant authorities" that undoubtedly undermines the government's positions for denial of First Step Act relief:

In <u>U.S. v. McDonald</u>, ___ F.3d ___, No. 19-1221 (8th Cir. Dec. 11, 2019), the Court held:

> The First Step Act applies to **offenses**, <u>not conduct</u>, see First Step Act § 404(a), and it is <u>McDonald's</u> **statute of conviction** that determines his eligibility for relief, see, e.g., U.S. v. Beamus, No. 19-5533, 2019 WL 6207955, at *3 (6th Cir. Nov. 21, 2019); **1/** U.S. v. Wirsing, No. 19-6381, 2019 WL 6139017, at *9 (4th Cir. 2019). <u>Id.</u>

---

**1/** Under 6th R.Cir.R. 206(c) the decision in <u>Beamus</u>, <u>supra</u> is binding on this Court as to it is the "statute of conviction" that determines the eligibility of the First Step Act of 2018. Darrah v. City of Oak Park, 255 F.3d 301, 309 (6th Cir. 2001).

DEC 19 2019

CLERK'S OFFICE
DETROIT

The ruling in <u>McDonald</u> (citing <u>Wirsing and Beamus</u>) clearly subverts the government's position, that conduct offense controls the eligibility of the 1SA.

In <u>U.S. v. Wirsing</u>, No. 19-6381, 2019 WL 6139017 (4th Cir. Nov. 20, 2019), the Court squarely answered the government's argument with respect to the 1SA conditions eligibility on whether a defendant's relevant offense conduct (the 1.5 kilograms of crack that triggered the MM life sentence under § 848(b) or the 101.5 kilograms of crack that was NOT adopted by Judge Gadola and was objected to and is unfounded), leads to a different statutory sentencing range than that applicable at my 10/21/97 sentencing hearing. And the government's argument as to interpreting § 404(a):

> By referring to a "violation" that was "committed" on a particular date, Section 404(a) sensibly grounds the eilibility inquiry in the actual conduct involved in the defendant's violation, rather than the statute under which the defendant was convicted. <u>Id.</u>

See [docket entry 1012, at pg. 5-10].

The Court in <u>Wirsing</u> explicitly held, contrary to the government aforementioned argument:

> In Defendant's view, the phrase "the statutory penalties for which" refers to "a Federal criminal statute." The result of that interpretation would be that **any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)**, both of which were modified by Section 2 of the Fair Sentencing Act, is serving "a sentence for a covered offense" and may seek a sentence reduction under the First Step Act. First Step Act § 404(b), 132 Stat. at 5222. <u>**We agree that this is the correct interpretation of the statute.**</u> <u>Id.</u>

Mr. Savage's approach was a correct interpretation of Section 404(a)-(b), contrary to what the government argued in its response. And that is, the government held to make matters worse, under the defense approach, nearly **every** defendant charged under Section 841(b)(1)(A) or (b)(1)(B) before the Fair Sentencing Act would not be eligible for a sentence reduction. See [docket entry 1012, at pg. 11-12].

This is exactly what Wirsing argued as to the interpretation of Section (a)-(b), and the Court categorically agreed that this is the correct interpretation of the statute.

In Wirsing, the government had an alternative reading of the statute which rested on two assumptions: first, that "the statutory penalties for which refers to "a violation;" and second, that "a violation" is determined by reference to the conduct attributed to the count at issue, rather than by reference to the conviction. The Court in Wirsing ruled that the government must establish the first point in order to reach the second. Id. The Court held that they disagree with the government in the first stage of the analysis, and need not examine the second.

> The most natural reading of the First Step Act's definition of "covered offense" is "the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]" refers to "a Federal criminal statute" rather than "a violation of a Federal criminal statute." Id. § 404(a). A general rule of statutory interpretation is that modifiers attach to the closet noun; courts shoud not interpret statutes in such a way as to "divorce a noun from the modifier next to it without some extraordinary reason." Id. .... Moreover, Defendant's interpretation is supported by the statutory background in which the

First Step Act was enacted and which it incorporates. Congress enacted the First Step Act at a time when some, but not all, pre-Fair Sentencig Act inmates had received relief by reference to their offense conduct through application of the post-Fair Sentencing Act Guidelines amendments. On the face of the statute, Congress's clear intent was to apply the Fair Sentencing Act to pre-Fair Sentencing Act offenders, including those who were heretofore ineligible for such relief. Congress listed specific limitations in the First Step Act, including emphasizing district courts' discretion. 1SA § 404(c). There is no indication that Congress intended a complicated and eligibility-limiting determination at the "covered offense" stage of the analysis. Id. § 404(a), 132 Stat. at 5222. Id.

Accordingly, in light of Walker, supra, there is no doubt that §§ 848(b)/841(b)(1)(B)(iii) is a "covered offense, and that the §§ 848(b)/841(b)(1)(B)(iii)[2/] statute "were modified by" section 2 of the Fair Sentencing Act and were committed before August 3, 2010 and nor has Mr. Savage previously filed a § 404 motion that was denied on the merits after a complete review. § 404(c). Thus, Mr. Savage is indeed eligible for a reduced sentence of 240 months for the § 848(a) that the grand jury returned their indictment for and the offense for which the Petit Jury rendered their verdict on (Fifth Amendment Grand Jury Right and Sixth Amendment Notice and Jury Trial Right, Alleyne, 133 S.Ct. ay 2155, 2161-62). Wirsing, supra ("We agree and adopt this understanding")(emphasis added).

---

[2/] U.S. v. Maupin, 2019 U.S. App. 9-10 n. 2 (4th Cir. Sept. 9, 2019)(This interpretation of Section 404 comports with Congress's use of the broad phrase "a Federal criminal statute." Congress easily could limited the reach of Section 404 to the five statutory provisions directly amended by Sections 2 and 3 of the Fair Sentencing Act, but it did not). Now see [docket entry 1012, at pg. 9]: "... the court did not impose a sentence for a "covered offense," and the defendant is ineligible for a reduced sentence." Id.

Mr. Savage seeks a sentence reduction for "time served" for the § 848(a) I was charged with in the Second Superseding Indictment as to Count One, and that is, 20 years.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Supplemental Motion has been placed in U.S. First Class Mail, this day of December 16, 2019, with the postage prepaid to the party below:

Benjamin C. Coats, AUSA
211 W. Fort Street
Suite 2001
Detroit, Mich 48226

Dion Eric Savage, Sr. 19734-039
FCI Pekin
P.O. Box 500
Pekin, IL 61555

Dion E. Savage 19734-039
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

**Legal Mail!!**

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Mail Room
Federal Correctional Institution
P. O. Box 7000
Pekin, IL 61555-7000

19734-039
US District Court
Hon. Bernard A Friedman
231 W Lafayette BLVD
Detroit, MI 48226
United States

RECEIVED
JAN - 2 2020
CLERK'S OFFICE
U.S. DISTRICT COURT

RECEIVED
DEC 20 2019
BERNARD A. FRIEDMAN
U.S. DISTRICT JUDGE




