UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                     Criminal No. 95-CR-50061-01

vs.                                                           HON. BERNARD A. FRIEDMAN

DION ERIC SAVAGE,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION PURSUANT TO FED. R. CIV. P. 54(b)**

This matter is presently before the Court on remand from the court of appeals, which has directed this Court to consider defendant's "motion pursuant to Fed. R. Civ. Proc. 54(b)" [docket entry 983]. The Court transferred this motion to the court of appeals as a suspected second or successive § 2255 motion. However, the court of appeals has determined that defendant's Rule 54(b) motion is not a second or successive § 2255 motion because it "in effect argues that the district court erred by not ruling on a claim that he raised in his motion to supplement." The government has filed a response in opposition, and defendant has filed a reply.

Defendant, who was convicted of engaging in a continuing criminal enterprise ("CCE"), argues in his Rule 54(b) motion that "the indictment failed to state an offense under 21 U.S.C. § 848 because it failed to Notice . . . the 'continuing series of violations,' which under Richardson v. United States, 526 U.S. 812, 816-17 (1999) are essential elements of the § 848

offense." Def.'s Mot. at 1-2.[1]

The standards concerning the sufficiency of an indictment are well known. As the Sixth Circuit has stated:

> "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)) (internal quotation marks omitted).
>
> "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *United States v. Heller*, 579 F.2d 990, 999 (6th Cir. 1978) (quoting *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1881)) (internal quotation marks omitted). However, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the

---

[1] Section 848(c) defines a continuing criminal enterprise as follows:

> For purposes of subsection (a), a person is engaged in a continuing criminal enterprise if--
>
> (1) he violates any provision of this subchapter or subchapter II the punishment for which is a felony, and
>
> (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II--
>
> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
>
> (B) from which such person obtains substantial income or resources.

> specific offense, coming under the general description, with which he is charged." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling*, 418 U.S. at 117-18, 94 S.Ct. 2887) (internal quotation marks omitted) (emphasis in original omitted).

*United States v. Coss*, 677 F.3d 278, 287-88 (6th Cir. 2012).

The second superseding indictment in this matter alleged in Count One that

> from approximately 1985 until the return of this second superseding indictment, in the Eastern District of Michigan and elsewhere, . . . defendant . . . did engage in a Continuing Criminal Enterprise in that he unlawfully . . . did violate Title 21, United States Code, Sections 846, and 841(a)(1), as alleged in Count Two of this Second Superseding Indictment, which violations were part of and constituted a continuing series of violations of . . . 21 U.S.C. § 801 et seq., undertaken by [defendant] in concert with at least five other persons with respect to whom [defendant] occupied a position as organizer, supervisor, and manager, and from which continuing series of violations [defendant] obtained substantial income and resources; all in violation of Title 21, United States Code, Section 848.

Count Two, in turn, alleged that during the same time frame defendant and his six co-defendants conspired "with each other and others . . . to distribute cocaine, a Schedule II controlled substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846."

These allegations suffice to meet the notice requirements articulated in *Coss* and in the cases cited therein. As the court of appeals noted in an earlier opinion in this case, *Richardson* does not require the indictment to allege the predicate offenses of a CCE charge with any greater particularity than was done in the second superseding indictment in this case. *See United States v. Savage* 25 F. App'x 280, 283 (6th Cir. 2018) (noting that "the majority opinion in *Richardson* does not expressly require that each of the predicate offenses be pleaded with particularity in the indictment"). The government must *prove* at least three violations of the

3

narcotics laws to establish a "continuing series," *see, e.g., Murr v. United States*, 200 F.3d 895, 905 (6th Cir. 2000), but there is no requirement that the violations constituting the continuing series be specifically *alleged* in order for the indictment to be deemed constitutionally sufficient. *See Savage,* 25 F. App'x at 283.  Moreover, as the court of appeals also stated in that opinion, sufficient proof of at least three violations was presented at defendant's trial:

> The jury unanimously found that he was guilty of conspiring to distribute cocaine. Thus, it accepted the government's theory that Savage had stored and distributed cocaine in his two stores. This theory directly supports a finding that Savage was guilty of two other predicate offenses, as he violated 21 U.S.C. § 856 by allowing his stores to be used in a drug-trafficking conspiracy.

*Id.*

The Court therefore finds no merit in defendant's argument that the second superseding indictment failed to sufficiently allege a CCE charge.  Accordingly,

IT IS ORDERED that defendant's Rule 54(b) motion is denied.


                                s/Bernard A. Friedman
                                BERNARD A. FRIEDMAN
Dated:  June 25, 2020         SENIOR UNITED STATES DISTRICT JUDGE
       Detroit, Michigan