UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                    Case No. 95-cr-50061

v.                              Hon. Bernard A. Friedman

DION ERIC SAVAGE,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO [1025] DEFENDANT'S SUPPLEMENTAL MOTION FOR SENTENCE REDUCTION**

Savage rightly says that recent developments in Sixth Circuit case law have clarified that he's eligible for resentencing under the First Step Act. But that's all he's right about, and it only means he's eligible to be resentenced as if the Fair Sentencing Act were in effect at the time of his original sentencing. And he'd have been sentenced to life even if the Fair Sentencing Act had been in effect then because he was accountable for more than 100 kilograms of crack cocaine.

What's more, any similarly situated defendant would be sentenced to life even today. Congress reserved—and requires—this

1

unquestionably harsh punishment for violations of the Kingpin Statute. Savage still refuses to accept responsibility for his crimes, going so far as to perjure himself, but a jury and this court found otherwise. Calling him a drug dealer, even—as is true—an armed drug dealer, sells him short. He oversaw an extensive crack cocaine dealing operation for years, reportedly selling thousands of dollars' worth of drugs a day. The properly calculated Guidelines range remains the same (Life), and he's asking for a substantial downward variance. He's not reformed; he's not even sorry. Life imprisonment was the right sentence then, and it's the right sentence now.

Respectfully submitted,
MATTHEW SCHNEIDER
United States Attorney

/s/ Benjamin C. Coats
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9734
Email: Benjamin.Coats@usdoj.gov

Dated: August 14, 2020

## BRIEF IN SUPPORT

The First Step Act defined "covered offense" for purposes of Fair Sentencing Act retroactivity in a way that encompasses continuing criminal enterprise convictions under 21 U.S.C. § 848(b). That makes Dion Savage eligible for resentencing. But eligibility doesn't equal entitlement to a reduced sentence. *United States v. Spearman*, No. 91-cr-50013, 2020 WL 4390632, at *4 (E.D. Mich. Aug. 1, 2020) ("Even if the Court assumes that defendant is *eligible* for resentencing due to the statutory change that affects his CCE conviction, he is not *entitled* to be resentenced.") (emphasis in original).

The Court shouldn't reduce Savage's sentence for two reasons. First, by its plain terms, the First Step Act authorizes the imposition of a reduced sentence as if the Fair Sentencing Act was in effect at the time of the original sentencing. But Savage would've been sentenced to life if that act had been in effect.

Second, even if the Court weren't required by statute to impose a life sentence, the reduction sought by Savage remains an unearned windfall. Anyone who did today what he did from 1990-95 would be sentenced to life. Savage, an unrepentant armed drug-dealing kingpin,

committed perjury at his trial, denied responsibility at his sentencing, and proved such a vexatious and frivolous litigant that the Sixth Circuit sanctioned him. His Guidelines range today would still be life, and he provides no plausible basis for his requested variance.

**I.     Savage is eligible for resentencing but the applicable statutory penalties remain those set out in § 848(b).**

Savage makes much of this Court's recent opinion in *Spearman*, but its reasoning favors denial of his motion. The government agrees with the defendant and this Court that the Sixth Circuit's recent *Boulding* opinion tethers eligibility to the statute of conviction, and § 848(b)'s penalties were "modified" by the Fair Sentencing Act. *See United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020). Savage committed this offense before August 3, 2010. So we should proceed to Section 404(b), which says that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed."

If those sections of the Fair Sentencing Act of 2010 had been in effect when Savage violated § 848, the continuing criminal enterprise

4

would have had to "involve[]" at least 8.4 kilograms of crack cocaine to support application of the statutory penalties set out in § 848(b). *See* 21 U.S.C. §§ 848, 841(b)(1)(B). Otherwise, he would have been sentenced under § 848(a). But Savage's offense involved more than 100 kilograms of crack cocaine.

*Spearman* hurts rather than helps Savage. This Court's holding that the defendant's statutory penalties were determined on resentencing by § 848(a) in that case was predicated on "**assuming he is responsible for 2.27 kilograms of crack cocaine**, as the Court found at sentencing." *Spearman*, 2020 WL 4390632, at *5 (emphasis added). The Court appropriately considered whether the quantity of drugs for which the defendant was responsible would require him to be sentenced under § 848(a) or (b) if the Fair Sentencing Act had been in effect, and because 2.27 is less than 8.4, found that subsection (a)'s penalties applied. *See id.*

Until the First Step Act made it convenient to do so, Savage never tried to argue that he was responsible for only 1.5 kilograms of crack cocaine. Nor could he have, since more than that was seized from one of his co-conspirators during a single traffic stop, and a cooperating

5

witness testified to more than 100 kilograms. *See* PSR ¶¶ 20, 29. He denied any involvement in drug dealing whatsoever, perjuring himself at trial and carrying that denial through sentencing. But the district court disagreed in no uncertain terms, telling him, among other things, "You were involved in organizing, operating a large scale narcotics trafficking operation, large amounts of crack cocaine were sold from your party stores located in Flint. The conspiracy took place over several years and you profited financially to a considerable extent from your involvement in drug trafficking." ECF No. 343, PageID.5954-55.

At his sentencing, Savage objected to a range of paragraphs in the PSR, including the one that attributed more than 100 kilograms of crack cocaine to his organization, and the court overruled that objection. ECF No. 343, PageID.5928-31. Application of § 848(b)'s penalties to Savage required no jury finding as to quantity at the original sentencing and requires no such finding now. *See United States v. Jones*, 962 F.3d 1290, 1304 (11th Cir. 2020); *United States v. White*, 413 F. Supp. 3d 15, 42-47 (D.D.C. 2019); *cf. Dillon v. United States*, 560 U.S. 817, 828 (2010) ("[F]acts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment"); *United*

6

*States v. Mercado-Moreno*, 869 F.3d 942, 953–55 (9th Cir. 2017) ("In those cases where a sentencing court's quantity finding is ambiguous or incomplete, a district court may need to identify the quantity attributable to the defendant with more precision to compare it against the revised drug quantity threshold under the relevant Guidelines amendment. The Supreme Court indicated that such fact-finding was permissible in *Dillon*.").

If the Fair Sentencing Act had been in effect at the time of Savage's sentencing, the statutory penalty that applied to his offense would have been mandatory life in prison. The First Step Act accordingly makes Savage, like all those convicted under § 848(b), eligible for consideration based on the statute of conviction, but the facts of his case prohibit the imposition of a reduced sentence. *See White*, 413 F. Supp. 3d at 50 ("[S]entence reductions under Section 404 are expressly circumscribed by FSA's section 2 or 3, and if those FSA provisions have no effect on a defendant's sentence, no sentence reduction is available to award.").

## II. Even if the Court could reduce Savage's sentence, it shouldn't.

No plausible version of the facts of this case justifies a finding that Savage's CCE involved less than 8.4 kilograms of crack cocaine. But even if the Court considered Savage's sentence under the relative freedom provided by § 848(a)'s penalties—20 years to life—his motion should be denied.

Section 404(c) of the First Step Act makes clear that any sentence reduction is discretionary, stating, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The statutory maximum would still be life. 21 U.S.C. § 848. And it is obvious from the record that Savage would have been sentenced to life imprisonment whether the necessary quantity was 1.5 kilograms or 8.4 kilograms. Similarly situated offenders facing sentencing now would have to be sentenced to life. *See Dorsey v United States*, 567 U.S. 260, 276-79 (2012) (expressing the importance of consistency in sentencing similarly situated offenders when determining the retroactive application of a statutory amendment).

8

Any sentence reduction would be a windfall not available to Savage if he were tried for the same offense today, or really even if the Fair Sentencing Act had been in effect at the time of his offense, when he would still have been accountable for 300 times the quantity in 841(b)(1)(B). *See United States v. Patterson*, 2019 WL 3072705 (W.D.N.C. July 12, 2019) (denying discretionary relief to a defendant who would have been prosecuted after the Fair Sentencing Act under a provision mandating the same penalties he faced in his original proceedings, so it would cause undue disparity to grant relief).

For five years, Savage led a crack distribution organization from party stores he owned in Flint. According to the PSR—which was accepted by the court as accurate at sentencing—his enterprise involved more than 100 kilograms of crack cocaine, selling thousands of dollars of crack a day. Already a felon (with an assault and battery conviction, too), Savage's convictions at this trial included a gun possession charge.[1] He perjured himself at trial, denied any involvement in criminal activity at sentencing, and maintains that denial to this day.

---

[1] The later vacation of this conviction resulted from the government's concession that such action was required under Sixth

Savage approaches this Court with no apology, no suggestion that he acknowledges made errors and learned from them, no assurance that he is rehabilitated and unlikely to reoffend. He has earned his G.E.D. and participated in "several educational programs" while in custody, and he's only been sanctioned four times. A progress report describes him as "a dependable worker [who] requires little supervision." ECF No. 1025, PageID.12114. And that's it: a far cry from the kind of acceptance of responsibility and profound demonstrated change that might warrant the substantial leniency Savage seeks.

He asks this Court for a 25-year sentence and says that's within the Guideline range. But it isn't, and Probation's memo doesn't say it is. § 2D1.5 of the U.S. Sentencing Guidelines governs the calculation here. That section cross-references § 2D1.1's quantity table, and the quantity involved in this offense triggers a level 38. Under § 2D1.5, that number is added to 4, for a total offense level of 42. Adding two points for obstruction of justice (based on perjury) brings the defendant to 44,

---

Circuit case law because the firearms were possessed more than three years after Savage completed probation, not because he didn't possess the guns. ECF No. 443, PageID.7633.

meaning his current, properly calculated Guideline range is life. Not breaking the rules in prison is the minimum society has a right to expect, not a basis for a substantial downward variance.

And it bears repeating that Savage's conduct satisfies the elements of § 848(b) today. Any similarly situated defendant convicted now would be sentenced to life in prison. Even defendants who didn't arm themselves, even those who were responsible for far less crack cocaine, even those who accepted responsibility and expressed remorse, would be subject to this mandatory penalty. Savage offers no reason why he should be treated differently from others who conduct themselves as he did. Nor does he attempt to explain how such a discrepancy would be consistent with Congress's clear intent in making the Fair Sentencing Act retroactive—to reconcile the disparity between those sentenced before the Act and those sentenced afterwards. It would turn that goal on its head to instead afford greater relief, untethered to any actual facts, to earlier offenders.

## *Conclusion*

For the foregoing reasons, the Defendant's supplemental motion for sentence reduction should be denied.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/ Benjamin C. Coats
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9734
Email: Benjamin.Coats@usdoj.gov

Dated: August 14, 2020

Certificate of Service

I certify that on August 14, 2020, I electronically filed this motion for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to the following:

MiAngel Cody, Attorney for Defendant

<u>/s/ Benjamin C. Coats</u>
Assistant United States Attorney
United States Attorney's Office
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9734
Fax: (313) 226-3265
Email: Benjamin.Coats@usdoj.gov